Tbe court thereupon ordered the following decree to be entered :
UNITED STATES COURT OF CLAIMS.
John G. Sale, Henry Ml. Beetor, George Mle-~] Kay, William W. Gitt, John H. Bussell, William H. Gaines, Miarla Gaines, Albert Belcling, Henry Belcling, ancl George Belding, v. The United States. J
This cause having come on to be beard at this December term, 1874, and having been argued by counsel for tbe respective parties claimant and for the defendants, now, upon con *436 sideration thereof, it is ordered, adjudged, and decreed as follows:
That the claimánt John 0. Hale and the claimant Henry M. Hector, and each of them, have no title either legal or equitable, in their own right or in that of either of them, or as the assigns or representatives of John Percifull, deceased, or of Sarah M. Percifull, his widow, to the whole or any part of the following-described piece, parcel, or tract of land, to wit:
The southwest quarter of section number S3, in township 2 south, of range 19 west, of the fifth principal meridian, according to the surveys of public lands of the United States, lying and being in the State of Arkansas and in the county of Hot Springs, and including the springs known as the Hot Springs of Arkansas.
And it is further ordered, adjudged, and decreed that the said claimants Henry M. Rector, George McKay, William M. Gitt, John H. Russell, and John C. Hale, and each of them, have no title, legal or equitable, either in their own right or the right of either of them, or as the assigns or representatives of Francis Langlois or of Joseph Story, his assignee, to the following-described piece, parcel, or tract of land, to wit:
All that certain square tract of land of which the Hot Springs of Arkansas form the center, containing two hundred arpents of land, or one hundred and seventy and fourteen on'e-hundredth acres, being the premises surveyed by James S. Conway, deputy surveyor, by survey number two thousand nine hundred and three, and filed in the office of the surveyor-general of the United States, at Saint Louis, July 16, 1820, being more particularly described in said survey as follows: Beginning at a post, from which a pine ten inches in diameter (marked thus, H & E) bore south 47° east, 8 links; thence south 7 chains; a creek 15 links wide east; at 41 chains 25 links set a post, from which a pine 15 inches in diameter bore north 47^° east, 23 links; thence east 19 chains 25 links to Hot Springs Creek — 25 links wide, runs south; at 41 chains 25 links set a post, from which a post-oak 10 inches in diameter bore south 62° west, 16 links; thence west, 41 chains 25 links, to the beginning.
And it is further ordered, adjudged, and decreed as follows, viz:
That the claimants "William H. Gaines, Maria Gaines, formerly Maria Belding, Albert Belding, Henry Belding, and George Belding, and each of them, have no title, legal or equitable, either in their own right or as the heirs and legal representatives of Ludovicus Belding or of Lydia Belding, his widow, to the whole or any part of the piece, parcel, or tract of land thereinbefore first described, to wit, the southwest quarter of section 33, in township' 2 south, of range 19 west, of the fifth principal meridian, as before more specifically described.
And is further ordered, adjudged, and decreed that the *437 title, legal and equitable, to the foregoing tracts or parcels of land, and each of them, is vested wholly and absolutely in the defendants, the United States; and that they be taken, held, and possessed by a receiver to be appointed by this court, who shall take charge of and rent out the same for the United States until Congress shall by -law direct how the same shall be disposed of; and that the said receiver shall, before entering upon the duties of his office, execute and file with the clerk of this court a sufficent bond, in the penal sum of one hundred thousand dollars, to be approved by the court, conditioned for the faithful performance of his duties as such receiver, with two or more sufficient sureties, who shall attend and justify before a judge of this court at chambers, or before any district judge of the United States in whose district they may reside, to an amount in the aggregate of two hundred thousand • dollars, and that such receiver shall render a strict account of the manner in which he shall have discharged said duties and of all the moneys received by him as receiver as aforesaid, up to and including the thirtieth day of June, and up to and including the thirty-first day of December in each year, or as often as he shall be directed so to do by the court, and to make such further reports as may be directed, and that he deposit all moneys collected by him as such receiver with the nearest designated depositary of the Treasury or assistant treasurer of the United States so soon as the same may be collected, and that he pay all such moneys into the Treasury of the United •States, after deducting therefrom his expenses and compensation, to be first audited, approved, and allowed by this court.
»And it is further ordered, adjudged, and decreed that the before-named claimants, and each of them, and all persons claiming to hold the said tract of land hereinbefore described, or any part or parcel thereof, under the before-named claimants or any of them, or otherwise, be and they are hereby commanded •and required to surrender and deliver up the same, with all the buildings, fixtures, improvements thereon, of whatsoever kind, to the said receiver, to be possessed and held by him for ■and on behalf of the defendants, the United States.
And it is further ordered, adjudged, and decreed that none of the before-named claimants in this action, nor any other person whomsoever, has any title, legal or equitable, to the piece, parcel, or tract of land hereinafter described, or to any portion thereof, to wit, the four sections or parts of sections oí land immediately around the Hot Springs of Arkansas, as reserved for the future disposal of the United States by the Act 20th April, 1832, (4 Stat. L., 505,) which premises are more particularly described as follows, to wit: The whole of sections 32 and 33, .township 2 south of the base-line, range 19 west of the fifth principal meridian; also the south half of section 28, and the south half of section 29, of the same township and range; and also the north half of section 4, and the north half *438 of section 5, of township 3 south of the base-line, range 19' west of the fifth principal meridian, as laid down in the surveys of public lands of the United States in the State of Arkansas and county of Hot Springs.
And it is further ordered, adjudged, and decreed that the title, legal and equitable, to the foregoing four sections or parts of sections of land last described, and each and all of them, is vested wholly and absolutely in the defendants, the United States, and that the said four sections or parts of sections be taken, held, and possessed by the receiver to be appointed by this court as hereinbefore provided, who shall take charge of and rent out the same for the United States as before directed.
And it is further ordered, adjudged, and decreed that the before-named claimants, and each of them, and all persons claiming to hold any portions of the said four sections or parts of sections of land hereinbefore described, either under the-before-named claimants or otherwise, be and they are hereby commanded and required to surrender and deliver up the same to the said receiver, to be possessed and held by him for and on behalf of the defendants, the United States, as hereinbefore provided.
And it is further ordered, adjudged, and decreed that the petition of the said claimants, and each of them, be dismissed.